IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JUSTIN PERKINS-GOTTFRIED,                          Civ. No. 1:26-cv-01103-AA

        Plaintiff,                                    **OPINION & ORDER**

    vs.

SOUTHERN OREGON UNIVERSARY;
BOARD OF TRUSTEES OF SOUTHERN
OREGON UNIVERSITY; CARRIE VATH;
MEHMOOD MAHDA; JASON MENDOZA,

        Defendants.

_____

AIKEN, District Judge.

Self-represented Plaintiff Justin Perkins-Gottfried seeks leave to proceed *in forma pauperis* ("IFP") in this action against Defendants "Southern Oregon Universary" (sic) *et al.* For the reasons explained below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

Page 1 – OPINION AND ORDER

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Page 2 – OPINION AND ORDER

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

First, to assess an IFP petition, a court must determine whether the plaintiff has made an adequate showing of indigency. Here, self-represented Plaintiff has made that showing. His IFP petition is granted.

Second, under 28 U.S.C. § 1915(e)(2)(B), courts must assess whether the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune to such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff brings a suit under "the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and 42 U.S.C. § 1983" against Defendants Southern Oregon University, three of its employees, and the Board of Trustees. Compl. ¶ 4. Plaintiff also brings state tort claims of defamation, *id.* ¶¶ 98–

102, intentional infliction of emotional distress, *id.* ¶¶ 103–106, and "negligence and breach of fiduciary duty[,]" *id.* ¶¶ 107–110, against Defendants.

Plaintiff alleges that he has a "documented communication disability[,]" *id.* ¶ 1, and that he was recruited by Defendants "with promises of comprehensive support services, mental health counseling, and family housing[,]" *id.* ¶ 2, to undertake a "Master of Arts in Social Studies[,]" *id.* ¶ 7.    He alleges that he "completed over 200 credit hours of coursework[,]" *id.* ¶ 7, but that "the moment Plaintiff requested accommodations for his documented communication disorder and appropriate housing for his minor children[,]" Defendants "functional[ly] exp[elled] [him] through administrative barriers[,]" *id.* ¶ 2.

According to Plaintiff, Defendants have "(a) continued to deny Plaintiff any disability accommodations for his communication disorder; (b) refused to provide or reinstate family housing for Plaintiff and his children; (c) refused to restore Plaintiff[']s financial aid or resolve the collection activity initiated in retaliation; (d) refused to confer the Master of Arts degree that Plaintiff earned through the completion of over 200 credit hours of coursework; (e) maintained the administrative holds preventing Plaintiff[']s registration; and (f) refused to engage in the interactive process required by federal disability law[.]" *Id.* ¶ 51.

Plaintiff alleges that the "denial of services and continuous harm" occurred "[f]rom December 2024 through the present day[.]" *Id.* ¶ 50.  Plaintiff asserts that "the statute of limitations is tolled under the continuing violation doctrine and the doctrine of equitable tolling" because "Defendants' unlawful conduct constitutes a

Page 4 – OPINION AND ORDER

continuous pattern of harm that has persisted from the initial accommodation request through the present day." *Id.* ¶ 5.

On the surface of the Complaint, the actions appear to be time-barred as Plaintiff fails to say when Defendants issued the decisions that allegedly denied him services, and he also raises the affirmative defense of equitable tolling. Plaintiff alleges that Defendants "testi[fied] against [him] in dependency proceedings in Jackson, County, Oregon in December 2024[,]" *id.* ¶ 2, and he states that the alleged violations have been ongoing since that date, *id.* ¶ 50, but Plaintiff does not state the dates that Defendants denied him services.

In Oregon, actions alleging denial of services due to a disability under the ADA and Rehabilitation Act have a two-year statute of limitations. *See A.F. by & through Feola v. Starbucks Corp.*, No. 3:17-CV-1582-SI, 2018 WL 1161385, at *2 (D. Or. Mar. 5, 2018). FHA suits have a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."). Both § 1983 claims and Title IX claims borrow a state's statute of limitations for personal injury claims, which, in Oregon, is two years. *See* ORS 12.110 (governing statute of limitations in personal injury claims); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (applying Oregon's two-year statute of limitations for personal injury claims to § 1983 suits); *Stanley v. Trs. of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (holding that a state's statute of limitations for personal injury claims

Page 5 – OPINION AND ORDER

applies to Title IX claims). Finally, under ORS 12.110, Plaintiff's tort claims have a two-year statute of limitations.

For each of his claims, Plaintiff must state who engaged in the wrongful action, which law the action violated, how a defendant violated the law, and *when the wrongful action occurred.* And Plaintiff must state facts to support his allegations. It is insufficient to allege that the undated violations are ongoing to the present. And it is also insufficient to state that any statute of limitations is tolled by the doctrine of equitable tolling. If Plaintiff seeks to invoke the doctrine of equitable tolling, he must allege facts to support the application of that doctrine.

Under 28 U.S.C. § 1915(e)(2)(B), courts are required to dismiss an IFP case where a plaintiff fails to state a claim upon which relief may be granted. Failure to state a claim includes circumstances where a defense, such as expiration of the statute of limitations, is complete and obvious from the face of the pleadings, as here. *See Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Finally, FERPA does not create a private right of action, which means that an individual is not able to bring suit to enforce the provisions of that Act. *See Taylor v. Vt. Dep't of Educ.,* 313 F.3d 768, 783 (2d Cir. 2002) (holding that FERPA is not "privately enforceable"); *see also Smith on behalf of C.M. v. Tacoma Sch. Dist.,* 476 F. Supp. 3d 1112, 1136 (W.D. Wash. 2020) (collecting cases).

For these reasons, Plaintiff's Complaint is dismissed with leave to amend.

Page 6 – OPINION AND ORDER

## CONCLUSION

For the above reason, Plaintiff's IFP petition, ECF No. 2, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants.  Plaintiff shall have thirty days from the date of this Order to file an amended complaint.  Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this __30th__ day of June 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 7 – OPINION AND ORDER